UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HOTEL RIO VISTA, INC.,<br><br>        Plaintiff,<br><br>        v.<br><br>TYCO SIMPLEXGRINNELL,<br>SIMPLEXGRINNELL LP, CORPORATE<br>DOES 1-3 and DOES 1-3,<br><br>        Defendants. | No. C17-157RSL<br><br>ORDER TO SHOW CAUSE |

       This matter comes before the Court *sua sponte*. On February 2, 2017, defendants removed the matter from King County Superior Court, alleging that the Court has subject-matter jurisdiction based on the diversity of the parties' citizenship. 28 U.S.C. § 1332(a) (establishing that the federal court's basic diversity jurisdiction extends to "all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between . . . citizens of different States"). The party seeking a federal venue has the burden of establishing this Court's subject-matter jurisdiction. In re Dynamic Random Access Memory (DRAM) Antitrust Litig., 546 F.3d 981, 984 (9th Cir. 2008). It has long been recognized that the Court can *sua sponte* consider the issue of subject-matter jurisdiction at any time during the proceeding. Scholastic Entm't, Inc. v. Fox Entm't Group, Inc., 336 F.3d 982, 985 (9th Cir. 2003); Fed. R. Civ. P. 12(h)(3).

       While defendants have sufficiently supported their assertion that there is "complete diversity of citizenship between the parties opposed in interest," Kuntz v. Lamar Corp., 385

ORDER TO SHOW CAUSE - 1

1 F.3d 1177, 1181 (9th Cir. 2004), defendants have not shown that the amount in controversy in this case exceeds $75,000, as is required for this Court to exercise diversity jurisdiction, see Gibson v. Chrysler Corp., 261 F.3d 927, 943 (9th Cir. 2001).

The general removal statute, 28 U.S.C. § 1441, is construed restrictively: any doubts regarding the removability of a case will be resolved in favor of remanding the matter to state court. See, e.g., Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir. 2006).  Defendants have the burden of proving by a preponderance of the evidence that removal is appropriate under the statute. Where the complaint does not specify the amount of damages sought, the Court will consider the allegations of the complaint, facts in the removal petition, and supporting summary judgment-type evidence relevant to the amount in controversy.  Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 1004 (9th Cir. 2007).[1]

In its complaint, plaintiff, a corporation, alleges that it hired defendants to install and later inspect a "fire suppression system" in plaintiff's property, and that this installation and inspection caused water damage to plaintiff's property.  Dkt. # 1-2, ¶ 2.  No specifics are provided, either as to the type of property damaged or as to the scope of plaintiff's economic losses.  Defendants offer no additional facts that could provide an adequate basis for the Court to find that the jurisdictional amount is satisfied, instead simply asserting that "Plaintiff's counsel has represented and it is SimplexGrinnell's belief that the amount in controversy is in excess of $75,000, exclusive of interest and costs." Dkt. # 1 at 4. The Court is not, however, willing to presume that simply alleging property damage places the amount in controversy above the jurisdictional minimum.

---

[1] It is not plaintiff's burden to show that it is not seeking damages in excess of the jurisdictional amount. To the extent defendants removed this case in the hope of wringing a concession from plaintiff regarding the amount of its damages, such tactics are improper.

ORDER TO SHOW CAUSE - 2

For all the foregoing reasons, defendants have failed to meet their burden of establishing the basis of the Court's jurisdiction.  Defendants are hereby ORDERED TO SHOW CAUSE on or before Wednesday, February 22, 2017, why the Court should not remand this action to state court.  The Court also notes that when there is no objectively reasonable basis for removal, it may order defendants to pay plaintiff's costs and fees incurred as a result of the removal.  28 U.S.C. § 1447(c); Patel v. Del Taco, Inc., 446 F.3d 996, 999 (9th Cir. 2006).  The Clerk of Court is directed to note this Order to Show Cause on the Court's calendar for Friday, February 24, 2017.

DATED this 8th day of February, 2017.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER TO SHOW CAUSE - 3